FILED
2020 Jul-16  AM 09:56
U.S. DISTRICT COURT
N.D. OF ALABAMA



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | | |
|---|---|---|
| BRANDON "BO" NIX, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | CASE NO. |
| MARION COUNTYDEPUTY | ) | |
| SHANE MASON; TROOPER LEE | ) | |
| MOBLEY; and TROOPER CHARLES | ) | |
| LEWIS, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Brandon "Bo" Nix complains of defendants, stating as follows:

### Nature of the Action

1.      This is a civil action brought by Brandon "Bo" Nix against law enforcement officers who assaulted Nix in violation of Nix's constitutional right, guaranteed by the Fourth Amendment, not to be subjected to excessive force.

### Jurisdiction and Venue

2.      This action arises under the Fourth and Fourteenth Amendments to the United States Constitution, 42 U.S.C. § 1983. The Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3).

3.      This judicial district is an appropriate venue under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the suit happened in

this judicial district.

## Parties

4.      Brandon "Bo" Nix is of legal age and a citizen and resident of the state of Alabama.

5.      Defendant Shane Mason was a Marion County deputy at all relevant times.

6.      Defendant Lee Mobley was an Alabama State Trooper at all relevant times.

7.      Defendant Charles Lewis was an Alabama State Trooper at all relevant times.

8.      All individual defendants are sued in their individual capacities only.

## Facts

9.      On or about July 21, 2018, defendant Lewis executed a traffic stop on Nix south of Hackleburg on Alabama Highway 253 and arrested Nix.

10.      Lewis cuffed Nix and placed him in the back of his patrol car.

11.      Defendant Mobley came to the scene.

12.      Defendant Mason came to transport Nix to the Marion County Jail.

13.      Nix and Mason have argued in the past, and Mason has a personal grudge against Nix.

14.      Nix and Lewis had exchanged words after Nix was cuffed and in the back

2

of the patrol car.

15.     After Mason arrived, the three defendants discussed Nix and decided that he needed to be taught a lesson.

16.     The three decided that the exchange of handcuffs, where Mason's cuffs would be substituted for Lewis' cuffs, would be used as a cover for assaulting Nix.

17.     The plan was for Mobley to choke Nix out.

18.     Mason got Nix out of the back of Lewis' vehicle.

19.     Mason held Nix by the handcuffs.

20.     Lewis and Mobley assisted in escorting Nix.

21.     After Mason pushed Nix against the front passenger side of the vehicle, Mobley put Nix in a chokehold.

22.     All three then took Nix to the ground.

23.     Nix struck the ground on his left side.

24.     Mobley continued choking Nix.

25.     Nix was cuffed and not resisting at the time he was choked and taken down.

26.     Nix did not resist while he was being choked on the ground.

27.     Neither Mason nor Lewis attempted to stop Mobley from choking Nix.

28.     Mason and Lewis had an opportunity to intervene to stop Nix from being choked but let Mobley choke Nix.

29.     Eventually, Mobley stopped choking Nix.

30.     The individual defendants acted with malice and/or with reckless indifference to Nix's constitutional rights.

### Count I - 42 U.S.C. § 1983 - Excessive Force

31.     On or about July 21, 2018, defendants, acting under color of law within the meaning of 42 U.S.C. § 1983, assaulted and battered Nix without justification and/or failed to intervene despite an opportunity to do so. These individual defendants did thereby deprive Nix of his rights under the Fourth Amendment to the Constitution of the United States in violation of 42 U.S.C. § 1983. Specifically, they violated Nix's right to be free from excessive force.

32.     As a result of the conduct of defendants, Nix was caused to suffer physical and emotional injuries and damages and to incur unnecessary medical expenses.

### Other Matters

33.     All conditions precedent to the bringing of this suit have occurred.

### Relief Sought

34.     As relief, Nix seeks the following:

    a.     That Nix be awarded such compensatory damages as a jury shall determine from the evidence Nix is entitled to recover;

    b.     That Nix be awarded against the individual defendants such punitive damages as a jury shall determine from the evidence Nix

is entitled to recover;

c.      That Nix be awarded prejudgment and postjudgment interest at the highest rates allowed by law;

d.      That Nix be awarded the costs of this action, reasonable attorney's fees, and reasonable expert witness fees;

e.      That Nix be awarded appropriate declaratory and injunctive relief; and

f.      That Nix be awarded such other and further relief to which Nix is justly entitled.

**Dated July 16, 2020.**

Respectfully submitted,


s/ Henry F. (Hank) Sherrod III
Henry F. (Hank) Sherrod III
No. ASB-1200-D63H
HENRY F. SHERROD III, P.C.
119 South Court Street
Florence, Alabama 35630
Phone: 256-764-4141
Fax: 877-684-0802
Email: hank@alcivilrights.com

Attorney for Plaintiff

## Jury Demand

Plaintiff requests a trial by jury.

s/ Henry F. (Hank) Sherrod III

Henry F. (Hank) Sherrod III
